# IN THE COURT OF APPEALS OF IOWA

No. 14-1312
Filed October 29, 2014

**IN THE INTEREST OF L.A. and L.A.,**
    **Minor Children,**

**A.H., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Humboldt County, Kurt J. Stoebe,

Judge.


A mother appeals the termination of her parental rights to her two children.

**AFFIRMED.**


Ashley M. Emick of Arends, Lee & Emick, Humboldt, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, and Jonathan Beaty, County Attorney, for appellee.

Darren Driscoll, of Johnson, Kramer, Good, Mulholland, Cochrane &

Driscoll, P.L.C., Fort Dodge, for father.

Marcy Lundberg, Fort Dodge, attorney and guardian ad litem for minor

children.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

A mother appeals the termination of her parental rights to her two children.[1] The mother claims she attempted to maintain contact with the children, but was unable to do so because the Department of Human Services (DHS) and the foster parents failed to facilitate contact. She also claims DHS did not provide proper services. We find the mother has failed to maintain significant and meaningful contact with the two children for at least the past six months. We affirm the juvenile court order.

## I. BACKGROUND FACTS AND PROCEEDINGS

The children, L.A. and L.A., were born in 2011 and 2012, respectively. The children resided with their mother until June 2013, when she voluntarily placed them with her brother. The children were adjudicated in need of assistance (CINA) in August, 2013. The mother tested positive for methamphetamine the same month. The court ordered the mother to comply with substance abuse evaluations and treatment. A permanency hearing was held in February 2014. After the State discussed filing a termination of parental rights petition, the mother agreed to enroll in the Jackson Treatment Center to address her drug problems. The mother did poorly while at the Center, and was ultimately asked to leave in March, 2014. At that time the mother terminated all contact with DHS. Subsequently, DHS was unable to reach her by telephone or locate her until June 2014.

---

[1] The father's rights were terminated at the same proceeding. The father does not appeal.

The juvenile court found the mother abandoned the children. The court noted the mother had "exercised decreasing contact and support of her children as the case has transpired." In the fall of 2013 the mother had little contact with the children. After March 2014, she ceased all contact with the children and DHS. The court found the mother's request to have the children returned "startling" given her utter lack of compliance with services or desire even to see the children. The court found clear and convincing evidence sufficient to terminate the mother's parental rights pursuant to Iowa Code sections 232.116(1)(b), 232.2(1), 232.116(1)(e) (2013).

## II. STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION

Iowa Code chapter 232, concerning the termination of parental rights, follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must

apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(e) provides that termination may be ordered when the child has been adjudicated a CINA, the child has been removed from the physical custody of the parent for a period of at least six consecutive months, and there is clear and convincing evidence "the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so." Significant and meaningful contacts can include:

> [T]he affirmative assumption by the parents of the duties encompassed by the role of being a parent. This affirmative duty, in addition to financial obligations, requires continued interest in the child, a genuine effort to complete the responsibilities prescribed in the case permanency plan, a genuine effort to maintain communication with the child, and requires that the parents establish and maintain a place of importance in the child's life.

Iowa Code § 232.116(1)(e)(3).

Here, the mother claims the court erred in its application of the third factor of 232.116(1)(e), because DHS did not make reasonable efforts for reunification.

In support of her claim, the mother states she called the foster parents on multiple occasions, but they were busy or just did not return her calls. The mother blames DHS for not making an effort to contact her from March through June 2014. She also blames DHS for not providing appropriate services. The mother claims she now has suitable housing, is sober, is actively seeking employment, and did her best to provide for the children during a difficult period in her life.

We agree with the court that termination of the mother's parental rights is proper. Clear and convincing evidence shows the mother has not had any contact with the children since early 2014. After being discharged from the Center, the mother ceased all contact with DHS. As the court noted, her compliance with services and desire to see the children steadily decreased, since the children were adjudicated CINA, to essentially no contact in 2014.

For these reasons, we find the mother has failed to "make an affirmative assumption . . . of the duties encompassed by the role of being a parent," and thus satisfying the third factor of 232.116(1)(e)(3). We find clear and convincing evidence the mother has not maintained significant and meaningful contact with the children during the previous six months, pursuant to section 232.116(1)(e)(3); termination is appropriate.

**B. Best Interests of the Child.**

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37. In determining the best interests of the child, we give

primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *See* Iowa Code § 232.116(2). Encouragingly, we note the children still reside with the mother's brother. The DHS social worker assigned to this case reported the children are doing well in their uncle's home. She also reported the uncle is willing and able to adopt the children. We see no reason to disrupt this arrangement. For the reasons listed above, we find it is in the best interests of the children to terminate the mother's parental rights.

## IV. CONCLUSION

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(e), termination of the mother's parental rights is in the children's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the mother's parental rights.

**AFFIRMED.**